UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEWS,<br><br>                  Petitioner,<br><br>v.<br><br>ESCURO, et al.,<br><br>                  Respondents. | Case No.: 3:21-cv-1436-L-RBB<br><br>**ORDER ON MOTION TO WITHDRAW AS COUNSEL AND OSC** |

      Pending before the Court is a motion to withdraw as Petitioner's counsel. (ECF 9). The record does not show counsel served Petitioner with the motion. *Id*. The Court therefore **DENIES** it without prejudice. *See* Civ. L. R. 83.3.

      There is an outstanding Order to Show Cause. (ECF 2). Petitioner's counsel was ordered to indicate whether Petitioner authorized them to file the petition. *Id*.; (ECF 1) ("Petitioner has given no indication to undersigned counsel as to whether he wishes that such a petition be filed.") Petitioner, after several months, failed to show he authorized this action. (ECFs 2, 4, 6, and 8); (*see* Docket).

      The Court also ordered Petitioner to show why it should not dismiss the petition because the petition did not indicate they were in custody. (ECF 2). The "in custody" requirement is jurisdictional, and "therefore it is the first question [the Court] must consider." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (internal quotation marks and

citation omitted). There is nothing to indicate the custody requirement was met. Per Petitioner's counsel, "there is no non-frivolous argument to make regarding [Petitioner's] custody status, as [Petitioner] is currently no longer on mandatory supervision." (ECF 9). And Petitioner does not contend he was on mandatory supervision when the petition was filed.

For the above reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (it is a jurisdictional requirement that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *Bailey*, 599 F.3d at 979-81 (fines, fees, and restitution are insufficient to meet section 2254(a)'s custody requirement); *see* 28 U.S.C. § 2242; Rule 2(c)(5), Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (court may dismiss an unsigned or unverified petition); *see Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996) (petitioner's "repeated failures to respond to his attorney in any way, combined with his lack of verification and signature, rebutted the presumption that he consented to the petition.")

**IT IS SO ORDERED**.

Dated: November 30, 2021

Hon. M. James Lorenz
United States District Judge